IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAIA KATHRYN MICHAEL, | § | |
| | § | |
| Appellant Below, | § | No. 368, 2017 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DELAWARE BOARD OF NURSING, | § | C.A. No. N17A-02-003-JRJ |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: February 7, 2018
Decided: February 22, 2018

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

# **O R D E R**

In this order, we explain why we affirm the decision of the Superior Court upholding the Board of Nursing's decision to deny Maia Michael's applications for licensure.[1]

In 2008, Maia Michael impersonated a doctor to obtain Xanax, a prescription medication, for herself.[2] Michael pled guilty to one count of Obtaining Controlled Substances by Misrepresentation or Fraud, Forgery, or Deception, and her conviction became effective when she failed to comply with the terms of her drug

---

[1] *Michael v. Delaware Board of Nursing*, C.A. No. N17A-02-003-JRJ, 2017 WL 3980540 (Del. Super. Sept. 8, 2017).
[2] *Id.* at *1.

diversion program.[3]  In 2011, the Board of Nursing suspended Michael's nursing licenses because of her conviction for a crime substantially related to the practice of nursing and violation of various Board regulations.[4]  While her appeal of the Board's decision was pending, and her suspension was still in place, Michael worked as a nurse for eight months.[5]  The Board then permanently revoked Michael's licenses for failure to comply with the suspension order and practicing without a valid license.[6]  Michael did not appeal the Board's decision to permanently revoke her licenses.[7]

In 2015, the Governor pardoned Michael's criminal conviction, and a year later, Michael applied for licensure by reinstatement and by examination.[8]  The Board denied Michael's applications, finding that its order of permanent revocation made her ineligible for a nursing license, and that her pardon did not restore her eligibility because the Board permanently revoked her licenses for practicing nursing without a license, not because of her criminal conviction that was pardoned.[9]

---

[3] *Id.*
[4] *Id.* at *2.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

In this case, the Superior Court upheld the Board of Nursing's decision to deny Michael's applications for licensure.[10]  On appeal, Michael does not contest that the words "permanently revoke" mean permanent.[11]  But Michael argues that her pardon for the crime of Obtaining Controlled Substances by Misrepresentation or Fraud, Forgery, or Deception overrides the statutes governing the Board's power to discipline licensed nurses and evaluate nursing license applicants, per our decision in *Heath v. State*,[12] and restores her ability to seek a new nursing license.[13]

We do not reach the question of whether, if the conduct underlying a conviction was the sole basis for an order of permanent revocation, the pardon statute would require the Board to consider Michael's applications.  Here, the Superior Court properly found that the Board's determination to permanently revoke Michael's licenses was not based on the same conduct underlying the conviction that

---

[10] *Id.* at *3.

[11] Oral Arguments: *Michael v. Board of Nursing*, DELAWARE SUPREME COURT (Feb. 7, 2018), at 3:25–3:44, https://livestream.com/accounts/5969852/events/8044928/videos/169903020 ("Are you then conceding for purposes of appeal that permanently revoke means there is no ability on the part of the Board to ever allow a person who has suffered an order of permanent revocation to apply anew for a nursing license?"  "We are, Your Honor.").

[12] 983 A.2d 77, 84 (Del. 2009) (holding that Heath's gubernatorial pardon for Second Degree Unlawful Sexual Conduct extinguished his statutory sex offender registry requirements).

[13] Appellant's Opening Br. at 19–20 ("The Board ignored the substantial evidence regarding the pedigree of the Pardon or the effect of a Pardon.  Further, by holding that 'the Board did not revoke Ms. Michael's licenses simply because she had been convicted of a crime substantially related to the practice of nursing,' the Board ignored the fact that her conviction was the well-spring for all of the violations that followed.  To ignore that was to ignore the substantial evidence that the effect of Michael's unconditional gubernatorial Pardon was as if that conviction had never occurred, making it an error of law for the Board to hold that 'the pardoning of her crime is not sufficient to undo the permanent revocation of her nursing licenses.'" (citing January 12, 2017 Order of the Board of Nursing)).

was pardoned.[14] Instead, it had to do with her defying the Board's suspension order and practicing nursing without a license for eight months.[15] When the Board originally considered her case, it suspended Michael's licenses for five years with a chance to convert her suspension to probation after two years.[16] It was only when she violated this order that she had her licenses permanently revoked. In the face of that decision, Michael did not appeal.[17] As the Superior Court therefore properly held, the permanent revocation of Michael's licenses was based on conduct unaffected by the pardon.[18] Because Michael does not challenge that "permanent" means permanent, her appeal fails.

Nor do we find any error in the Superior Court's consideration of Michael's constitutional claim, which is based on the argument that she has been denied her right to equal protection. In the Superior Court, Michael made a confusing argument that the permanent revocation of her licenses is a constitutional tort because she "is a member of an 'identifiable class' who was 'intentionally treated differently than

---

[14] *Michael*, 2017 WL 3980540, at *5.

[15] *Id.* ("[T]he Board permanently revoked Michael's nursing licenses because Michael practiced nursing without a license for eight months. Michael's decision to practice nursing without a license is entirely separate from her conviction, and her pardon.").

[16] *Id.* at *2; App. to Appellant's Opening Br. at A6 (May 12, 2011 Order of the Board of Nursing).

[17] *Michael*, 2017 WL 3980540, at *2.

[18] *Id.* at *4 ("[R]egardless of whether a pardon could result in the reissuance of a professional license under other circumstances, the Board correctly determined that it did not have the authority to reinstate Michael's licenses or to issue her new ones because Michael's license was not revoked solely as the result of her conviction.").

others similarly situated,' and there was 'no rational basis' for the difference in treatment," which the Superior Court rejected.[19]

Before us, Michael has focused on a different aspect of her argument. To wit, Michael argues that the General Assembly has acted irrationally by giving the Board of Nursing only the right to either suspend licenses or to revoke them permanently. All other professional licensure boards are either given the discretion simply to revoke licenses, or in other cases to either "revoke" or "permanently revoke" licenses. Only the Board of Nursing is limited to only having the power of "permanent revocation." According to Michael, this decision of the General Assembly is irrational and cannot withstand equal protection review, either facially, or as applied to her.[20] But, we do not embrace this argument for two reasons. First of all, it was not fairly presented to the Superior Court and that alone compels its rejection. As important, however, the argument is without merit. As the Superior Court properly found, the difference in language among the various statutes must be

---

[19] *Id.* at *6 (citing Opening Br. on Appeal to the Superior Court at 26).

[20] Oral Arguments: *Michael v. Board of Nursing*, DELAWARE SUPREME COURT (Feb. 7, 2018), at 5:25–6:23, https://livestream.com/accounts/5969852/events/8044928/videos/169903020 (counsel for Michael clarifying that Michael is making both a facial and as-applied challenge to the constitutionality of the Nurse Practice Act, and suggesting that this argument may have been misapprehended by the Superior Court because of a focus before that court on establishing Michael's status as a "class of one," as articulated in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)); *Michael*, 2017 WL 3980540, at *6 (rejecting Michael's constitutional tort argument because unlike the plaintiffs in *Willowbrook*, "Michael is a member of an identifiable class— nurses who have had their licenses permanently revoked and have reapplied for licensure" and she is not a 'class of one' because she was not treated differently than others in that class: "all members of Michael's class are unable to seek licensure as a result of the permanent revocation of their nursing license(s)").

assumed to have been intended.[21] Given the special importance of the nursing profession and its sensitive role in treating vulnerable patients, subjecting licensed nurses only to "permanent revocation" bears a rational relationship to the State's legitimate interest in "the protection of the public health, safety and welfare."[22]

With this explanation, we affirm the judgment of the Superior Court of September 8, 2017.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[21] *Michael*, 2017 WL 3980540, at *6.

[22] 24 *Del. C.* § 1901 ("The General Assembly hereby declares the practice of nursing by competent persons is necessary for the protection of the public health, safety and welfare and further finds that the levels of practice within the profession of nursing should be regulated and controlled in the public interest."); *Prices Corner Liquors, Inc. v. Delaware Alcoholic Beverage Control Com'n*, 705 A.2d 571, 575–76 (Del. 1998) ("When examining statutory distinctions that do not involve suspect classifications or limit fundamental rights, our inquiry is confined to whether the legislative decision is rationally related to any legitimate governmental objective or purpose. Furthermore, a conceivable objective underlying a challenged statute may not necessarily be the basis actually used by the legislature (even if that basis could be ascertained). As long as there is some rational relationship between a classification and a legitimate state interest, the statute will not be deemed unconstitutional."); *see also* Oral Arguments: *Michael v. Board of Nursing*, DELAWARE SUPREME COURT (Feb. 7, 2018), at 5:18–5:24, https://livestream.com/accounts/5969852/events/8044928/videos/169903020 (counsel for Michael agreeing that Michael's equal protection claim should be evaluated under rational basis review).